JOHN L. BURRIS, Esq./ State Bar #69888
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
(510) 839-5200

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY GOODSPEED, JR., | Case No. |
|        Plaintiff, | **COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS. JURY TRIAL DEMANDED** |
|   vs. | |
| CITY OF OAKLAND,  a municipal corporation; RICHARD WORD, in his capacity as Chief of Police for the CITY OF OAKLAND; MICHAEL IGUALDO, individually, and in his capacity as a police officer for the CITY OF OAKLAND; PHONG TRAN, individually and in his capacity as a police officer for the CITY OF OAKLAND; and, Oakland police officers DOES 1-25, inclusive, | |
|        Defendants.        / | |

_____

JURISDICTION

1.     This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343.  The unlawful acts and practices alleged herein occurred in the City of Oakland, County of Alameda, California, which is within this judicial district.

PARTIES

2.      Plaintiff herein, Wayne Nelson, is readily recognizable as an African-American and was at all times herein mentioned a citizen of the United States residing in Los Angeles County in California.

3.      Defendant City of Oakland ("CITY") is a municipal corporation, duly organized and existing under the laws of the State of California.  The City operates under its authority the Oakland Police Department.

4.      At all times mentioned herein, Defendant MICHAEL IGUALDO ("IGUALDO") was employed by Defendant CITY as a police officer.  He is being sued individually and in his official capacity as police officer for the City.

5.      At all times mentioned herein, Defendant PHONG TRAN ("TRAN") was employed by Defendant CITY as a police officer.  He is being sued in his individual capacity and in his official capacity as a police officer for the City.

6.      Plaintiff is ignorant of the true names and capacities of Defendants DOES 1 through 25, inclusive, and therefore sues these defendants by such fictitious names.  Plaintiff is informed and believes and thereon alleges that each Defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiff as set forth herein.  Plaintiff will amend his complaint to state the namse and capacities of DOES 1-25, inclusive,  when they have been ascertained.

7.      In engaging in the conduct described herein, Defendant police officers acted under the color of law and in the course and scope of their employment with the City.  In engaging in the conduct described herein, Defendant police officers exceeded the authority vested in them as police officers under the United States and California Constitutions and as police officers employed by Defendant CITY.

STATEMENT OF FACTS

8.      On January 2, 2002, plaintiff's birthday, plaintiff drove from visiting his cousin back toward his residence at 7882 Plymouth Street in Oakland, California.  On his way home, plaintiff dropped off his sister and a friend.    Plaintiff was alone in the family vehicle as he drove the

1  circuitous route down 73rd Avenue in Oakland, which includes stretches of Mainwood, Deerwod, and

2  Arthur Streets.

3       9.      Plaintiff drove lawfully toward his residence, making all required stops and slowing to

4  cross the many speed bumps which control traffic on these roads.  While stopped at a stop sign on

5  Arthur and 78th Streets, plaintiff noticed a car some distance behind him traveling quickly over speed

6  bumps, its headlights intermittently reflecting in his rearview mirror and causing a glare in the mirror

7  so that plaintiff could not discern details of the vehicle.

8       10.     Plaintiff continued to drive home at a safe pace while the vehicle closed in rapidly

9  behind plaintiff.  No sirens or emergency lights were activated by the menacing vehicle, which

10 tailgated plaintiff as he continued his drive home.

11      11.     The vehicle collided with the rear of plaintiff's car in front of plaintiff's residence near

12 the corner of 79th and Plymouth Streets in Oakland, causing plaintiff's car to veer to the right off the

13 road and to run in to the hedges and bushes that line plaintiff's family's property.  At no time were

14 any emergency lights or sirens activated by the vehicle which struck plaintiff's car.

15      12.     The vehicle that had tailgated plaintiff and struck his car then swerved to a halt  in

16 front of plaintiff' vehicle.  Plaintiff exited his car as soon as the other vehicle stopped and saw a

17 person exit that vehicle, dressed in a jumpsuit and shining a flashlight in one hand while holding a

18 gun in the other hand.  Plaintiff realized, with a clear view of the vehicle and the gun, that the vehicle

19 was a police car and its occupants were police officers, whom plaintiff later learned to be defendants

20 TRAN and IGUALDO.

21      13.     Plaintiff was ordered to the ground by the officers.  Frightened, he obeyed their order

22 and lay face down on the ground.  Defendant IGUALDO handcuffed him using two pairs of

23 handcuffs to cuff plaintiff's hands behind his back with one manacle on each wrist and the free

24 manacles then attached to each other.

25      14.     Defendant IGUALDO ground his knee against plaintiffs back as he handcuffed him,

26 causing plaintiff severe pain.  Defendant TRAN walked up to the prone and defenseless plaintiff and

27 viciously kicked him in the face several times, breaking plaintiff's nose, chipping two teeth, causing a

28

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES - 3

1   concussion and swelling of the jaw, in addition to assorted bruising and contusions. Plaintiff's

2   handcuffs were extremely tight so as to cause additional severe pain to his wrists and hands.

3     15. Plaintiff's father, Tony Goodspeed, Sr., came out of his house and demanded to know

4   from the officers what was happening. The officers, in an attempt to cover their brutality, lied and

5   told plaintiff's father that they'd witnessed plaintiff selling drugs.

6     16. Plaintiff was left on the ground for a significant time, bleeding, and was searched by

7   defendants TRAN and IGUALDO. Defendants TRAN and IGUALDO found contraband and

8   fruitlessly searched the surrounding area, including plaintiff's yard. Defendants TRAN and

9   IGUALDO seized plaintiff's wallet which contained approximately $400. When plaintiff's wallet was

10  later inventoried at the Oakland Police Station it contained only approximately $250.

11    17. As plaintiff lay on the ground he overhead defendants TRAN and IGUALDO argue

12  amongst themselves as they attempted to determine how they would cover their brutality.

13  Eventually, several other Oakland Police officers arrived on the scene and one of them placed

14  plaintiff in the rear of defendant TRAN's vehicle. A sergeant arrived on the scene and questioned

15  plaintiff, however plaintiff did not respond to the sergeant's interrogation out of fear and anger that

16  the officers might try to cover up for each other

17    18. An ambulance arrived at the scene and an EMT took pictures of plaintiff's facial

18  injuries, as well as pictures of the plaintiff's car and the surrounding scene. The EMT offered to

19  transport plaintiff to Highland Hospital, but Officer Tran intervened and told the EMT that he would

20  be taking plaintiff to the hospital. The paramedics cleaned plaintiff's injuries and left the scene.

21    19. Defendants IGUALDO and TRAN maliciously pushed plaintiff onto his side in the rear

22  of their police vehicle and transported him to Highland Hospital in a manner similar to "joyriding",

23  driving at a high rate of speed over speed bumps and then speeding on the freeway to Highland

24  Hospital.

25    20. Defendants TRAN and IGUALDO stayed with plaintiff throughout his examination at

26  Highland Hospital. Plaintiff did not respond to nurses' inquiries about how he sustained his injuries

27  since the defendants TRAN and IGUALDO were present throughout his examination.

28

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES - 4

21.     Plaintiff asked a nurse for a hand-mirror so he could see the extent of his facial injuries.  The nurse told plaintiff to use the mirror in the adjoining bathroom, but as started to rise defendant IGUALDO grabbed him and ordered him to sit down, telling plaintiff to "shut up", and that he would "take care of" plaintiff and add more felony charges to plaintiff's arrest if he didn't follow the officer's orders.

22.     A doctor eventually examined plaintiff.  The doctor told plaintiff he was okay and gave the officers of painkillers to give to plaintiff.  Plaintiff was discharged from the hospital at approximately 2:30 or 3:00 that morning in the custody of defendants TRAN and IGUALDO.  The officers drove to Oakland City Jail in the same reckless manner in which they transported plaintiff to Highland Hospital.  Once at jail, plaintiff was examined by an admitting officer who asked about plaintiff's obvious facial injuries.  Defendant IGUALDO intervened in the inquiry and told the admitting officer that plaintiff had fallen as a result of the officers tackling him.

23.     When plaintiff's property was inventoried, plaintiff learned that he was missing approximately $150.00 from his wallet.  Plaintiff ultimately signed a release for his personal property, indicating that it was "under fear of threat."

24.     Plaintiff was booked on false charges of resisting arrest and several traffic infractions. Plaintiff's bail was set at $4200 and he bailed out of jail at about noon on a $420 bail-bond, spending about eight hours in jail.  No charges were ever filed against plaintiff.

25.     The assault and battery on Plaintiff described herein was brutal, malicious, and done without any just provocation or cause, proximately causing Plaintiff's injuries and resulting damages.

DAMAGES

26.     As a proximate result of Defendants' conduct, Plaintiff suffered pain and physical injuries.  As a further proximate result of Defendants' conduct, Plaintiff suffered severe and extreme emotional distress, fear, terror, anxiety, humiliation, and loss of his sense of security, dignity, and pride as a United States citizen.

27.     Plaintiff was assaulted, battered, detained, arrested, and incarcerated without any just provocation or probable cause, by Defendants TRAN and IGUALDO.  Plaintiff's physical injuries included, but were not limited to the following: Plaintiff was physically, mentally, and emotionally

injured and damaged as a proximate result of this incident.  Defendant IGUALDO caused severe

pain when he ground his knee against plaintiff's back and handcuffed plaintiff's wrists tightly.

Plaintiff suffered large bruising and contusions to his face, a broken nose, two chipped teeth, a

concussion, bruised and swollen jaw, lacerations to the wrist and ankles, backaches, and assorted

bruising and contusions.

28.    As a further proximate result of defendants' conduct, plaintiff incurred medical

expenses and lost $150 from his wallet while it was in possession of defendant officers.

29.    As a further proximate result of defendants' conduct, plaintiff was incarcerated in the

Oakland City Jail for approximately 8 hours.

30.    The conduct of defendants IGUALDO and TRAN was malicious, wanton, and

oppressive.  Plaintiff is therefore entitled to an award of punitive damages against said defendant

police officers of the CITY.

31.    Plaintiff found it necessary to engage the services of private counsel to vindicate his

rights under the law.  Plaintiff is therefore entitled to an award of all attorney's fees incurred in

relation to this action for violation of his civil rights.

### FIRST CAUSE OF ACTION
(42 U.S.C. Section 1983)
(Against Defendants IGUALDO, TRAN and DOES 1-10)

32.    Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through

31 of this Complaint.

33.    In doing the acts complained of herein, Defendants IGUALDO, TRAN, and DOES 1

through 10, inclusive, and/or each of them, acted under color of law to deprive Plaintiff of certain

constitutionally protected rights, including, but not limited to:

a.    The right to be free from unreasonable searches and seizures, as guaranteed by the

Fourth and Fourteenth Amendments to the United States Constitution;

b.    The right not to be deprived of life or liberty without due process of law, as

guaranteed by the Fifth and Fourteenth Amendments to the United States

Constitution;

c.  The right to be free from the use of excessive force by police officers, which is guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution;

d.  The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution; and/or,

e.  The right to be free from interference with the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution;

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

SECOND CAUSE OF ACTION
(42 U.S.C. section 1983)
(Against Defendants CITY, RICHARD WORD, and DOES 11-25)

34.  Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 33 of this Complaint.

35.  Plaintiff is informed and believes and thereon alleges that high ranking City of Oakland officials, including high ranking police supervisors, such as Defendant Richard WORD, DOES 11 through 25, and/or each of them, knew and/or reasonably should have known about the repeated acts of misconduct by Defendants IGUALDO, TRAN, DOES 1-10, and/or each of them.

36.  Despite having such notice, Plaintiff is informed and believes and thereon alleges that Defendants WORD, DOES 11-25, and/or each of them, approved, ratified, condoned, encouraged and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by said officers.

37.  Plaintiff is further informed and believes and thereon alleges that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendants IGUALDO, TRAN, DOES 1-10, and/or each of them, Defendant WORD, DOES 11-25, and/or each of them, encouraged these officers to continue their course of misconduct, resulting in the violation of the Plaintiff's rights as alleged herein.

38.     The aforementioned acts and/or omissions and/or deliberate indifference by high ranking City of Oakland officials, including high ranking City of Oakland Police Department supervisors, Defendants WORD, DOES 11-25, and each of them resulted in the deprivation of Plaintiff's constitutional rights including, but not limited to, the following:

a.  The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

b.  The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

c.   The right to be free from the use of excessive force by police officers, which is guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution;

d.  The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution; and/or,

e.  The right to be free from interference with the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution;

39.     Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

THIRD CAUSE OF ACTION
(42 U.S.C. section 1983)
(Against Defendant CITY OF OAKLAND)

40.     Plaintiff hereby realleges and incorporates by reference herein paragraphs 1 through 41 of this Complaint.

41.     As against Defendant CITY, Defendant WORD and/or DOES 11-25 in his/their capacity as official policy-maker(s) for the CITY OF OAKLAND, Plaintiff further alleges that the acts and/or omissions alleged in the Complaint herein are indicative and representative of a repeated

course of conduct by members of the CITY OF OAKLAND Police Department tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the abuse of police authority, and disregard for the constitutional rights of citizens.

42.    Plaintiff is further informed and believes and thereon alleges that the acts and omissions alleged herein are the direct  and proximate result of the deliberate indifference of Defendants CITY, WORD, DOES 11-25, and each of them, to repeated acts of police misconduct which were tacitly authorized, encouraged or condoned by the Defendant CITY, Defendant WORD, DOES 11-25, and each of them.

43.    The injuries and damages to Plaintiff as alleged herein were the foreseeable and proximate result of said customs, policies, patterns and/or practices of Defendant CITY, Defendant WORD, DOES 11-25, and each of them.

44.    Plaintiff is further informed and believes and thereon alleges that the damages sustained as alleged herein were the direct and proximate result of municipal customs and/or policies of deliberate indifference in the training, supervision and/or discipline of members of the Defendant OAKLAND Police Department.

45.    Plaintiff is further informed and believes and upon such information and belief alleges that Plaintiff's damages and injuries were caused by customs, policies, patterns or practices of Defendant CITY, Defendant WORD, DOES 11-25, and each of them, of deliberate indifference in the training, supervision and/or discipline of Defendants TRAN, IGUALDO, DOES 1-10, and/or each of them.

46.    The aforementioned customs, policies or practices of Defendant CITY, Defendant WORD, DOES 11-25, and each of them, resulted in the deprivation of Plaintiff's constitutional rights including, but not limited to, the following:

a.    The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

b.   The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

c.   The right to be free from the use of excessive force by police officers, which is guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution;

d.   The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution;  and/or,

e.   The right to be free from interference with the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution.

47.   Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

PRAYER

WHEREFORE, Plaintiff prays for relief, as follows:

1.   For general damages in a sum of $500,000.00;

2.   For special damages in a sum according to proof;

3.   For punitive damages in a sum according to proof;

4.   For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;

5.   For cost of suit herein incurred; and

6.   For such other and further relief as the Court deems just and proper.


Dated:  December 12, 2002                    **The Law Offices of John L. Burris**



_____
John L. Burris
Attorney for Plaintiff